UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JUAN MANUEL MORENO,<br><br>    Petitioner,<br><br>    v.<br><br>D. ADAMS, Warden,<br><br>    Respondent. | No. SACV 09-1068-GW (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

On September 16, 2009, Petitioner Juan Manuel Moreno, proceeding pro se, filed a Petition for Writ of Habeas Corpus By a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 in this Court.

**I.**

**PROCEDURAL HISTORY**

Pursuant to Fed. R. Evid. 201, this Court takes judicial notice of the records in a prior federal habeas corpus action brought by Petitioner: *Juan Manuel Moreno v. Robert Wong*, CV 06-1227 GW (JTL) ("*Moreno I*").

On March 19, 1998, a jury found Petitioner guilty of attempted murder and found true the allegation that Petitioner committed the attempted murder to benefit a street gang. (*Moreno I*, Final Report and Recommendation at 2.) On December 1, 1998, the

trial court sentenced Petitioner to state prison for 33 years to life.  *Id.*  On June 28, 2001, the California Court of Appeal affirmed the conviction but reversed and remanded for resentencing.  (*Id.* at 2-3.)  On October 10, 2001, the California Supreme Court denied the petition for review.  (*Id.* at 3.)  On September 5, 2002, the trial court sentenced Petitioner to 26 years in state prison.  (*Id.*)  On April 22, 2004, the California Court of Appeal affirmed.  (*Id.*)  On July 14, 2004, the California Supreme Court remanded the case to the Court of Appeal with directions to vacate its decision and reconsider the validity of the Section 667(a)(1) enhancement.  (*Id.*)  On July 13, 2005, the California Court of Appeal modified the judgment to strike Petitioner's five-year enhancement under Section 667(a)(1) and affirmed the judgment as modified.  (*Id.*)  Petitioner's sentence is 21 years in state prison.  (*Id.*)

In *Moreno I*, Petitioner filed a petition for writ of habeas corpus by a person in state custody on December 19, 2006.  (Dkt. No. 1.)  Petitioner challenged his conviction and sentence based on four grounds: imposition of an upper sentence, insufficient evidence, ineffective assistance of counsel, and prosecutorial misconduct.  (Final Report and Recommendation at 7.)  On July 5, 2009, the Court entered an Order Adopting Findings, Conclusions, and Recommendations of United States Magistrate Judge and a Judgment denying the petition with prejudice.  (Dkt. Nos. 42-43.)  On July 20, 2009, Petitioner filed a Notice of Appeal.  (Dkt. No. 45.)  On August 3, 2009, the Court denied Petitioner's request for a certificate of appealability.  (Dkt. No. 48.)

## II.

## DISCUSSION

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Therefore, the Court applies the AEDPA in reviewing the petition.  *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA provides, in pertinent part, that: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation omitted and quotation marks omitted).

Here, the Petition is a second or successive petition that challenges the same conviction and sentence imposed by the same judgment of the state court as in *Moreno I*. (Petition at 2, 5.) The Petition contains grounds for relief, including ineffective assistance of counsel, related to imposition of restitution in Petitioner's sentence. (Petition at 5-6 & Exhibit 1.) The Petition is considered a successive petition because the district court entered judgment in *Moreno I*. *See Beaty v. Schriro*, 554 F.3d 780 (9th Cir. 2009).

It plainly appears from the face of the Petition that Petitioner has not received authorization from the Ninth Circuit Court of Appeals to file a second or successive petition. This Court must, therefore, dismiss the Petition as a successive petition for which it lacks jurisdiction under 28 U.S.C. § 2244(b)(3). *See Burton*, 549 U.S. at 152.

///
///
///
///
///
///
///

1  Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts
2  provides that "[i]f it plainly appears from the face of the petition and any attached
3  exhibits that the petitioner is not entitled to relief in the district court, the judge must
4  dismiss the petition and direct the clerk to notify the petitioner."  Here, summary
5  dismissal is warranted.

**ORDER**

7  IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the
8  habeas petition and action for lack of subject matter jurisdiction.

10  Date: March 2, 2010

_____
GEORGE H. WU
UNITED STATES DISTRICT JUDGE

14  Presented By:

_____
ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE